UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA BROWN, et al. | * | CIVIL ACTION |
| | * | |
| Plaintiff | * | NO. 2:18-cv-13798 |
| | * | C/W 18-08088 |
| VERSUS | * | |
| | * | |
| SHERIFF MARLIN N. GUSMAN, ET AL. | * | SECTION M (5) |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

**NOW INTO COURT**, through undersigned counsel, comes Correct Care Solutions, LLC ("Defendant"), and for its Answer, Affirmative Defenses, and Demand for Jury Trial sets forth the following in response to the Complaint filed by Dennes D. Edwards, Sr.

### I.   INTRODUCTION

I.

The allegations of the Preamble and paragraph 1 of the Complaint are denied.

II.

The allegations of paragraph 2 of the Complaint are denied.

### II.   JURISDICTION AND VENUE

III.

Defendant does not contest jurisdiction in the Eastern District of Louisiana. The remaining allegations of paragraph 3 are denied.

IV.

Defendant does not contest venue in the Eastern District of Louisiana. The remaining allegations of paragraph 4 are denied.

### III.    PARTIES

V.

The allegations of paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein. Defendant demands strict proof of Plaintiff's capacity to proceed.

VI.

The allegations of paragraph 6 of the Complaint are not directed toward this Defendant and therefore do not require a response. To the extent a response is required, the allegations are denied.

VII.

The allegations of paragraph 7 of the Complaint are admitted only as to the status and domicile of the Defendant. All remaining allegations of paragraph 7 are denied.

VIII.

The allegations of paragraph 8 of the Complaint are not directed toward this Defendant and therefore do not require a response. To the extent a response is required, the allegations are denied.

### IV.    FACTUAL BASIS OF THE CLAIMS

IX.

The allegations of paragraph 9 are denied for lack of information sufficient to justify a belief therein.

X.

Defendant admits the inmate received medical care and treatment. The remaining allegations of paragraph 10 of the Complaint are denied.

XI.

The allegations of paragraph 11 of the Complaint are denied.

XII.

The allegations of paragraph 12 of the Complaint are denied.

XIII.

Defendant admits it provides medical services at the Orleans Parish Prison. The remaining allegations of paragraph 13 are denied.

XIV.

The allegations of paragraph 14 of the Complaint are denied.

XV.

The allegations of paragraph 15 of the Complaint are not directed toward this Defendant and therefore do not require a response. To the extent a response is required, the allegations are denied.

XVI.

The allegations of paragraph 16 of the Complaint are denied.

XVII.

The allegations of paragraph 17 of the Complaint are not directed toward this Defendant and therefore do not require a response. The allegations relate to a time frame prior to the CCS relationship with the Jail. To the extent a response is required, the allegations are denied.

XVIII.

The allegations of paragraph 18 of the Complaint are not directed toward this Defendant and therefore do not require a response. The allegations relate to a time frame prior to the CCS relationship with the Jail. To the extent a response is required, the allegations are denied.

XIX.

The allegations of paragraph 19 of the Complaint are not directed toward this Defendant and therefore do not require a response. The allegations relate to a time frame prior to the CCS relationship with the Jail. To the extent a response is required, the allegations are denied.

XX.

The allegations of paragraph 20 of the Complaint are denied.

XXI.

The allegations of paragraph 21 of the Complaint are not directed toward this Defendant and therefore do not require a response. The allegations relate to a time frame prior to the CCS relationship with the Jail. To the extent a response is required, the allegations are denied.

XXII.

The allegations of paragraph 22 of the Complaint are not directed toward this Defendant and therefore do not require a response. The allegations relate to a time frame prior to the CCS relationship with the Jail. To the extent a response is required, the allegations are denied.

XXIII.

The allegations of paragraph 23 of the Complaint are not directed toward this Defendant and therefore do not require a response. The allegations relate to a time frame prior to the CCS relationship with the Jail. To the extent a response is required, the allegations are denied.

XXIV.

The allegations of paragraph 24 of the Complaint are denied.

XXV.

The allegations of paragraph 25 of the Complaint are denied.

XXVI.

The allegations of paragraph 26 of the Complaint are denied.

XXVII.

The allegations of paragraph 27 of the Complaint are denied.

**COUNT V**

XXVIII.

The allegations of paragraph 28 of the Complaint are denied.

XXIX.

The allegations of paragraph 29 of the Complaint are denied.

XXX.

The allegations of paragraph 30 of the Complaint are denied.

XXXI.

The allegations of paragraph 31 of the Complaint are denied.

XXXII.

The allegations of paragraph 32 of the Complaint are denied.

XXXIII.

The allegations of paragraph 33 state a legal conclusion and require no answer of this Defendant. In the event any answer is required, the allegations of paragraph 33 are denied.

XXXIV.

The allegations of paragraph 34 of the Complaint are denied.

**COUNT VI**

XXXV.

The allegations of paragraph 35 of the Complaint are denied.

**COUNT VII**

XXXVI.

The allegations of paragraph 36 of the Complaint are denied.

**COUNT VIII**

XXXVII.

The allegations of paragraph 37 of the Complaint are denied.

**COUNT IX**

XXXVIII.

The allegations of paragraph 38 of the Complaint are denied.

**COUNT X**

XXXIX.

The allegations of paragraph 39 of the Complaint are not directed toward this Defendant and therefore do not require a response. To the extent a response is required, the allegations are denied.

XL.

The allegations of paragraph 40 of the Complaint are not directed toward this Defendant and therefore do not require a response. To the extent a response is required, the allegations are denied.

## XLI.

The allegations of paragraph 41 of the Complaint are not directed toward this Defendant and therefore do not require a response. To the extent a response is required, the allegations are denied.

## XLII.

The allegations of paragraph 42 of the Complaint are not directed toward this Defendant and therefore do not require a response. To the extent a response is required, the allegations are denied.

## XLIII.

The allegations of paragraph 43 of the Complaint are not directed toward this Defendant and therefore do not require a response. To the extent a response is required, the allegations are denied.

## XLIV.

The allegations of paragraph 44 of the Complaint are not directed toward this Defendant and therefore do not require a response. To the extent a response is required, the allegations are denied.

## XLV.

The allegations of paragraph 45 of the Complaint are not directed toward this Defendant and therefore do not require a response. To the extent a response is required, the allegations are denied.

**COUNT XI**

## XLVI.

The allegations of paragraph 46 of the Complaint are denied.

XLVII.

The allegations of the Plaintiff's prayer for relief are denied.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER ANSWERING, Defendant sets forth the following affirmative defenses that may prove applicable.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any damage alleged by Plaintiff was caused or contributed to by Plaintiff's and/or decedent's fault or want of due care and any recovery should be precluded.

## THIRD DEFENSE

Any damage alleged by Plaintiff was caused or contributed to by the fault, negligence or want of due care, breach of contract, express or implied, of other persons, businesses, entities or corporations for whom this Defendant is not legally responsible.

## FOURTH DEFENSE

In the alternative, if it is found that damages complained of were caused or contributed to by the fault of this Defendant, which is specifically denied, Defendant pleads the comparative fault of Plaintiff and/or decedent and/or other persons, businesses, entities, or corporations for whom this Defendant is not legally responsible, and this Defendant is entitled to have any reward or recovery due Plaintiff mitigated or reduced accordingly.

## FIFTH DEFENSE

Defendant pleads all benefits and immunities afforded to them pursuant to La. R.S. 9:2798.1 for their discretionary acts made within the course and scope of their duties.

**SIXTH DEFENSE**

Defendant pleads all benefits and immunities afforded to them pursuant to La. R.S. 13:5106, expressly including, but in no way limited to the statutory limitation of damages contained therein.

**SEVENTH DEFENSE**

Defendant further pleads that if Plaintiff is entitled to any recovery, which this Defendant specifically denies, the costs and interest awarded will be fixed pursuant to La. R.S. 13:5112.

**EIGHTH DEFENSE**

Defendant further pleads that no claim is available to Plaintiff for the alleged violation of Civil Rights of Plaintiff as all Policies, Procedures and Protocols put in place by CCS were appropriate.

**NINTH DEFENSE**

Defendant further pleads all available defenses of sovereign, absolute, and/or qualified immunity under Louisiana or Federal law.

**TENTH DEFENSE**

Plaintiff has failed to mitigate any and all damages he claims are due and as a result any recovery shall be reduced or limited accordingly.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to recover punitive damages or attorneys' fees.

**TWELFTH DEFENSE**

Defendant had no involvement, interaction, or dealings with the OPP in connection with the original consent judgment alleged by Plaintiff.

## THIRTEENTH DEFENSE

Defendant further pleads that it is entitled to all benefits of the Louisiana Medical Malpractice Act, La. R.S. 1231.1 et seq.

## FOURTEENTH DEFENSE

Defendant demands strict proof of Plaintiff's filiation and capacity to proceed.

## XLVIII.

This Defendant demands a trial by jury.

WHERFORE, Defendant, Correct Care Solutions, LLC, prays that its answer be deemed good and sufficient and that after due proceedings are had, there be judgment in its favor, dismissing all claims asserted by Plaintiff, Dennes D. Edwards, Sr., with prejudice, at Plaintiff's cost and for any and all other just and equitable relief. Defendant demands a trial by jury.

Respectfully Submitted,

**FRILOT L.L.C.**

*/S/ Carl E. Hellmers, III*
CARL E. HELLMERS, III (25705)
D. BURKE STOUGH (#36688)
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: (504) 599-8035
Facsimile: (504) 599-8156
**Attorneys for Defendant,
Correct Care Solutions, LLC**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of May 2019, I have filed a copy of the foregoing pleading with the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/S/ Carl E. Hellmers, III*